```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION

DAN PETERSON,                  )
                               )
        Petitioner,             )
                               )
    v.                         )    CAUSE NO. 3:15-CV-202
                               )
SUPERINTENDENT                 )
                               )
        Respondent.             )
```

**OPINION AND ORDER**

This matter is before the Court on: (1) a petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding (DE #1), filed by Dan Peterson, a *pro se* prisoner, on May 13, 2015; and (2) a Motion to Dismiss (DE #6), filed by the respondent, on August 11, 2015. For the reasons set forth below, the motion to dismiss (DE #6) is **GRANTED**, and the petition (DE #1) is **DISMISSED**.

BACKGROUND

On February 22, 2015, a hearing officer at the Plainfield Correctional Facility ("Plainfield") found Peterson guilty of engaging in a sexual act with a visitor under cause number IYC 15-02-0001. (DE 6-4 at 1.) Among other sanctions, he lost 180 days earned time credits. (*Id.*) Peterson then filed a habeas petition here challenging that finding of guilt. The respondent moves to

dismiss, arguing that Peterson's claims are barred by procedural default. (DE #6.)

DISCUSSION

As the respondent points out, principles of exhaustion that apply to federal review of criminal convictions also apply to review of prison disciplinary proceedings. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markam v. Clark,* 978 F.2d 993, 994-95 (7th Cir. 1992). Before seeking federal habeas relief, a prisoner must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads*, 280 F.3d at 729. An inmate's failure to properly exhaust his claims in the state's administrative process means these claims are procedurally defaulted. *Id.; see also Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) (Indiana prisoner must raise his claim at all levels of administrative review, including with the final reviewing authority). A habeas petitioner can overcome a procedural default by establishing cause for the default and a resulting prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which prevented the petitioner from pursuing his claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

2

The Indiana Department of Correction ("IDOC") has established a two-step administrative appeals process. The offender must first file a facility-level appeal within 15 days of the date of the disciplinary hearing or receipt of the hearing report. If the facility head denies the first appeal, the offender must then file a second-level appeal with the final reviewing authority for the IDOC, asserting only the claims that were asserted in the first-level appeal. *See* Disciplinary Code for Adult Offenders, IDOC Policy & Administrative Procedures No. 02-04-101, §§ X(A)-(D) (effective July 1, 2012), available at http://www.in.gov/idoc/3265.htm (last visited September 8, 2015).

Here, despite being given notice of his obligation to respond (DE #6 at 2; DE #7 at 4), Peterson has failed to file any response to the respondent's motion to dismiss. He does not dispute any of the assertions in the respondent's motion nor does he assert any resulting cause or prejudice. Based on the record, his claims are procedurally defaulted because he did not appeal the finding of guilt in case IYC 15-02-0001 to the Appeals Review Officer for Plainfield or the final reviewing authority for the IDOC. *(See* Ex. B, ¶4; Ex. A ¶ 4.)

CONCLUSION

For the reasons set forth above, the motion to dismiss (DE #6) is **GRANTED**, and the petition (DE #1) is **DISMISSED**.

**DATED: September 9, 2015**     /S/RUDY LOZANO, Judge
                                 **United States District Court**